UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.  8:20-cv-01858-JLS-JPR                                   Date: March 18, 2021
Title:  Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                            Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 18) AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (Doc. 11)**

Before the Court is a Motion to Remand filed by Plaintiff Gerard St. Germain (MTR, Doc. 18) and a Motion to Dismiss filed by Defendant FCA US LLC (MTD, Doc. 11).[1]  Each party opposed the other's motion, and FCA replied in support of its motion. (Def. Opp., Doc. 49; Pl. Opp., Doc. 19; Def. Reply, Doc. 51).  The Court finds this matter appropriate for decision without oral argument, and the hearing set for March 19, 2021, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS Plaintiff's Motion to Remand and DENIES AS MOOT Defendant's Motion to Dismiss.

**I.      BACKGROUND**

Plaintiff filed this action in Orange County Superior Court on August 21, 2020 against Defendants DaimlerChrysler Service Contracts, Inc.; FCA US LLC; Long Beach

---

[1] The other defendants in this action did not join in FCA's removal or motion to dismiss.

**CIVIL MINUTES – GENERAL**                                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01858-JLS-JPR                                      Date: March 18, 2021
Title:  Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

Chrysler-Jeep, Inc.; Tuttle Click, Inc.;[2] and JAMCO LLC.  (Compl., Doc. 6-3.)  Plaintiff alleges that he was fraudulently induced to purchase a Chrysler Jeep vehicle in 2007 "with the promise of 'a lifetime bumper-to-bumper warranty,'" and that from 2007 through the end of 2019, Defendants engaged in a conspiracy to deny his claims and effectively invalidate the lifetime warranty.  (Compl. ¶¶ 1.1.1.21.)  Plaintiff brought six state-law causes of action against Defendants: (1) breach of contract; (2) fraud in the inducement; (3) constructive fraud; (4) civil conspiracy; (5) violation of Cal. Bus. & Prof. Code § 17200; and (6) declaratory relief.  (*See* Compl.)  Only the third through sixth causes of action were pleaded against FCA.  (*Id.* at 10–15.)  FCA was served with the Summons and Complaint on August 26, 2020.  (Notice of Removal ("NOR") ¶ 14, Doc. 6.)

       On September 28, 2020, FCA removed the action to federal court asserting bankruptcy jurisdiction under 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b), or, in the alternative, jurisdiction under 28 U.S.C. § 1331.  (NOR at 1–2.)  The NOR states that on April 30, 2009, Chrysler LLC—the manufacturer of Plaintiff's 2007 Jeep vehicle—along with 24 of its affiliated entities (the "Debtors") filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, in the action *In re Old Carco LLC* (f/k/a Chrysler LLC), Case No. 09-50002 (Bankr. S.D.N.Y.).  (NOR ¶ 1.)  On May 19, 2009, the Debtors and a newly-formed entity, FCA US LLC, entered into a Master Transaction Agreement ("MTA") whereby FCA purchased substantially all of Debtors' assets and assumed certain of their liabilities.  (*Id.*)  On June 1, 2009, the Bankruptcy Court approved the MTA and entered its Sale Order, which expressly addressed FCA's responsibility for the Debtors' liabilities.  (*Id.* ¶¶ 2, 3.)  The asset sale closed on June 10, 2009 (the "Closing Date").  (*Id.* ¶ 2.)

       FCA argues in its NOR that under the Sale Order, FCA did not assume liability for "any Claim that (a) arose prior to the Closing Date, (b) relates to the production of vehicles prior to the Closing Date, or (c) otherwise is assertable against the Debtors or is

---

[2]  Tuttle Click, Inc. has since been dismissed from the action, pursuant to a stipulation of dismissal.  (Order, Doc. 47.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01858-JLS-JPR                                     Date: March 18, 2021
Title: Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

related to the Purchased Assets prior to the Closing Date." (*Id*. ¶ 3.) FCA thus contends that, because "FCA US did not exist until *after* Plaintiff's 2007 purchase of the subject vehicle, which was manufactured and warranted by the bankrupt Debtors," the Court has bankruptcy jurisdiction over this action because "any liability of FCA US is premised on the notion that the Sale Order entered by the Bankruptcy Court in *In re Old Carco LLC* created liability for the claims and causes of action asserted against FCA US by Plaintiff." (*Id.* ¶ 8; Def. Opp. at 7.)

After removing the action, Defendant filed a motion to dismiss, arguing primarily that Plaintiff's claims against FCA are barred by the Sale Order, as FCA did not assume liability for (1) claims arising out of Service Contracts issued by the Bankrupt Debtors, (2) fraud claims, or (3) claims for punitive damages. (MTD at 2.) Plaintiff moved to remand the case to state court. (MTR.) Because courts have an independent obligation to ensure subject matter jurisdiction exists before proceeding with an action, *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006), the Court will first consider Plaintiff's motion to remand.

## II.  MOTION TO REMAND

### A.  Legal Standard

Under 28 U.S.C. § 1452(a), a party may remove a case from state court to federal court if the district court "has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). 28 U.S.C. § 1334 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). 28 U.S.C. § 1452(b) further authorizes the court to "remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131 (1995) (Ginsburg, J., concurring) ("Section 1452(b) broadly provides

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01858-JLS-JPR                                                              Date: March 18, 2021
Title:  Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

for district court remand of claims related to bankruptcy cases 'on any equitable ground,' and declares that the remanding order is 'not reviewable by appeal or otherwise.'")

FCA also bases its removal, alternatively, on the general removal statute, 28 U.S.C. § 1441, asserting jurisdiction under 28 U.S.C. § 1331.  (NOR ¶ 13.)  "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  "However, it is to be presumed that a cause lies outside [the] limited jurisdiction of [the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)).  There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

    **B.**    **Discussion**

        **1.**    **Bankruptcy Jurisdiction under 28 U.S.C. § 1334(b)**

FCA argues that this Court has jurisdiction over this action under 28 U.S.C. § 1334(b) "because the outcome of this case depends on how the Bankruptcy Court's June 1, 2009 Sale Order is construed."  (Def. Opp. at 6.)  FCA argues that the state action is a core proceeding that arises in or under title 11.  (*Id.*)

Under 28 U.S.C. § 1334(b), district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  "'Arising under' and 'arising in' jurisdiction are terms of art." *In re Harris*, 590 F.3d 730, 737 (9th Cir. 2009).  "Arising under title 11" describes "'those proceedings that involve a cause of action created or determined by a statutory provision of title 11.'" *Id.* (quoting *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995)).  "Arising in" proceedings are "those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *In re Harris Pine Mills*, 44 F.3d at 1435 (quoting *In re Wood*, 825 F.2d 90,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01858-JLS-JPR                           Date: March 18, 2021
Title: Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

96–97 (5th Cir. 1987)). "[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." *In re Harris Pine Mills*, 44 F.3d at 1435.

Plaintiff argues that removal under the bankruptcy statute was improper because his claims are exclusively state-law causes of action that do not implicate the 2009 Sale Order. He argues that (1) the complaint seeks to hold FCA liable based on the servicing of Plaintiff's vehicle under his lifetime warranty, *not* based on a service contract; and (2) the complaint's fraud claims are based on conduct that occurred *after* the 2009 Sale Order. (MTR at 2–3.) As the complaint makes clear, the first and second causes of action for breach of contract and fraud in the inducement are asserted only against Long Beach Chrysler-Jeep, Inc. and DaimlerChrysler Service Contracts, Inc.—not FCA. (Compl. at 6–7.) Plaintiff pleads only the third, fourth, fifth, and sixth causes of action against FCA. These latter causes of action are for constructive fraud, civil conspiracy, violation of Section 17200, and declaratory relief. (*Id.* at 10–13.)

Plaintiff clarifies in his briefing that the causes of action pleaded against FCA are meant to encompass its alleged fraudulent conduct that occurred *after* the 2009 Sales Agreement. Specifically, Plaintiff states that "[t]he allegations of the Plaintiff, as it relates to FCA[,] are allegations of conspiracy and fraud as they relate to training certified mechanics to ignore engine inspections in order to invalidate LIFETIME Warranties today, not prior to the 2009 Sales Agreement." (MTR at 3.) Plaintiff further states that "at the time of the filing of this complaint, [he] believed that such separation was clear and distinct." (*Id.*)

Upon review of the Complaint, the Court notes that Plaintiff does not clearly distinguish between the alleged fraudulent conduct asserted against all Defendants, and that asserted against FCA alone. Plaintiff's claim for constructive fraud, for example, states that "as of at least September 03, 2007 and continuing through at least until December 28, 2019, FCA US, LLC with the full knowledge and consent of the other co-Defendants, conspired to perpetrate a fraud, not only on the Plaintiff, but more generally on all lifetime warranty consumers." (Compl. ¶ 1.1.1.44.) The fourth cause of action for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01858-JLS-JPR                                                        Date: March 18, 2021
Title:  Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

civil conspiracy broadly alleges that "Defendants formed and operated a conspiracy to commit the tortious acts described herein," without any specific time periods.  (Compl. ¶ 1.1.1.58.)  And the fifth cause of action states, without distinguishing the conduct of each Defendant, that "from September 2007 through December of 2019 . . . Defendants have wrongfully acquired money and denied warranty claims, that should have been covered, but for the fraudulent conspiracy to deny such rightful claims."  (Compl. ¶ 1.1.1.67.)

Even if the Court were to agree with FCA, however, that the Complaint as pleaded would require a court to construe the 2009 Sales Order to determine the scope of FCA's liability, the Court would be inclined to allow Plaintiff a chance to amend his complaint to conform to the position set forth in his briefing—particularly where, as here, the plaintiff is proceeding *pro se*.  *See Rodriguez v. FCA US LLC*, No. 16-CV-05083-BLF, 2017 WL 278540, at *1 (N.D. Cal. Jan. 23, 2017) (allowing plaintiffs to submit a proposed amended complaint conforming to the position expressed in their briefs before ruling on motion to remand, and then granting the motion to remand because "in their [amended complaint], Plaintiffs have made clear that . . . they are not asserting a negligence claim against FCA US for any pre-bankruptcy conduct").  Plaintiff clarifies both in his motion to remand and in his opposition to FCA's motion to dismiss (Pl. Opp. at 2) that he intended to allege claims against FCA only for conduct that arose *after* the 2009 Sales Order, and that he would be willing to amend his complaint to clarify his position in this regard (Pl. Opp. at 7).  If Plaintiff amends his complaint accordingly, the Court would likely be deprived of subject-matter jurisdiction to the extent it existed.  *See Wong v. Safety-Kleen Sys., Inc.*, No. 2:20-CV-09759-FLA-GJSx, 2021 WL 859997, at *3 (C.D. Cal. Mar. 8, 2021) ("The [amended complaint] makes clear the underlying bankruptcy action is not directly implicated in this matter, and it is speculative that the court must interpret the Sale Orders to assess FCA's liability."); *Mathias v. Fiat Chrysler Automobiles, NV ("FCA")*, No. 5:16-CV-01185-EJD, 2016 WL 5109967, at *4 (N.D. Cal. Sept. 21, 2016) (granting motion to remand because "[i]n the [amended complaint], Plaintiff makes clear that other than strict liability claims, 'there is no negligence claim being asserted against the [FCA US] for pre-bankruptcy conduct of Chrysler.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01858-JLS-JPR                                                                    Date: March 18, 2021
Title:  Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

     Further, even where jurisdiction is properly invoked under 28 U.S.C. § 1334, the Court may remand the action to state court "on any equitable ground." 28 U.S.C. § 1452(b).  "This 'any equitable ground' remand standard is an unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 665 (Bankr. C.D. Cal. 2001) (quoting *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414 (9th Cir. BAP 1999)).  "[W]hether to remand is discretionary and is a decision that is not reviewable on appeal." *Liquidation Tr. v. Grobstein, Horwath & Co., LLP*, No. CV 10-08144 MMM (EX), 2011 WL 13217688, at *4 (C.D. Cal. May 2, 2011).

     "In exercising this 'broad grant' of discretion, courts have traditionally looked to a number of factors to determine whether remand would be equitable in a given case," including "judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties." *TIG Ins. Co.*, 264 B.R. at 665 (citing *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D.Cal.1988)).  "[A]ny one of the relevant factors may provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 311 (C.D. Cal. 2010) (internal citations omitted.)

     The Court determines that equitable remand under 28 U.S.C. § 1452(b) is appropriate under the circumstances.  Specifically, "comity and the predominance of state law issues strongly favor remand because Plaintiff[] assert[s] only state law claims." *Wong*, 2021 WL 859997, at *4; *see also Liquidation Tr. v. Grobstein, Horwath & Co., LLP*, No. CV 10-08144-MMM (Ex), 2011 WL 13217688, at *4 (C.D. Cal. May 2, 2011) ("Courts have consistently exercised their discretion to remand under § 1452(b) where a case is grounded exclusively in state law.") (collecting cases).  Further, Plaintiff has asserted claims against four different defendants, "and FCA is the only Defendant that asserts an attenuated basis for federal subject matter jurisdiction." *Wong*, 2021 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01858-JLS-JPR　　　　　　　　　　　　　　　　　　　Date: March 18, 2021
Title:  Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

859997, at *4.  The other defendants in this action have neither joined in the removal nor appear to have any connection to the bankruptcy proceeding.  If the Court were to assume jurisdiction only to dismiss FCA from the action, the Court would lose any basis for subject-matter jurisdiction at that point.  Finally, "this action involves only non-debtors, which also weighs in favor of remand."  *Wong*, 2021 WL 859997, at *4 (citing *In re Enron Corp.*, 296 B.R. 505, 509 (C.D. Cal. 2003)).

　　　　The Court therefore concludes that equitable remand is appropriate under 28 U.S.C. § 1452(b).

### C.　　　Removal Based on 28 U.S.C. § 1331

　　　　As an "alternative" to bankruptcy jurisdiction, FCA states in its Notice of Removal that the Court also jurisdiction under 28 U.S.C. § 1331 because "Plaintiff's claims against FCA US are preempted because they are in conflict with federal bankruptcy law" and the 2009 Sale Order.  (NOR ¶ 13.)  First, FCA does not point the Court to a single case in which a court determined it had subject matter jurisdiction over state-law claims under § 1331 because a plaintiff attempted to plead state-law causes of action that would potentially be foreclosed by a bankruptcy court's sale order.  (*See* NOR.)  Second, FCA appears to have abandoned this basis for jurisdiction in its opposition to Plaintiff's motion to remand, failing to address it or respond to Plaintiff's arguments as to why jurisdiction under § 1331 is lacking.  (*See* Def. Opp.).  FCA states only, in response to Plaintiff's argument that FCA's removal was procedurally improper because it failed to obtain the consent of all parties, "Plaintiff's contention is without merit because 28 U.S.C. § 1452, upon which this action was removed, contains no requirement that all defendants consent to removal."  (Def. Opp. at 9.)

　　　　The Court therefore concludes that FCA has failed to carry its burden of demonstrating that the Court has jurisdiction under 28 U.S.C. § 1331.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01858-JLS-JPR                                                    Date: March 18, 2021
Title:  Gerard St. Germain v. DaimlerChrylser Service Contracts, Inc., et al

### III. MOTION TO DISMISS

Because the Court grants Plaintiff's motion to remand, it need not address Defendant's motion to dismiss.  Defendant's motion is therefore DENIED AS MOOT.

### IV. CONCLUSION

For the above reasons, (1) Plaintiff's Motion to Remand is GRANTED and (2) Defendant's Motion to Dismiss is DENIED AS MOOT.  This action is hereby REMANDED to the Superior Court of California, County of Orange, originally commenced as Case No.: 30-2020-01156361-CU-BC-CJC.

Initials of Deputy Clerk: mku